■ In the Matter of MARY NICHOLSON, Individually and on Behalf of Her Four Minor Children and One Grandchild, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Commissioner of the New York State Department of Social Services which affirmed a determination of the Albany County Department of Social Services denying petitioner's application for emergency assistance and/or special assistance to replace certain

furniture and clothing. Petitioner, her four minor children and one minor grandchild were recipients of public assistance in the Aid to Dependent Children category when, in February of 1979, petitioner's sister and her four children were evicted from their apartment and came to reside in petitioner's apartment where they remained for more than one year. According to petitioner, the resultant overcrowding of her apartment caused damage to her furniture with the result that, in October of 1979, she requested that her children's beds and dressers be replaced by the local agency. Upon the local agency's denial of this request, a fair hearing was conducted on the matter after which respondent State Commissioner of Social Services sustained the local agency's ruling that there was no applicable statute or regulation which authorized replacement of the furniture by respondents. As a consequence of a fire which occurred in the apartment directly beneath petitioner's apartment on July 7, 1980, petitioner made an additional request that certain items of her family's clothing should be replaced by the local agency because they had been damaged by smoke and rendered unusable. Following an examination of petitioner's apartment on July 19, 1980 by an inspector from the local agency's housing unit, who reported only minimal smoke damage to the apartment and petitioner's belongings and authorized no replacements, this request was similarly denied by the local agency, whose ruling was affirmed by the State commissioner after the above-cited fair hearing. The present proceeding followed wherein petitioner asserts that she was entitled to emergency assistance and/or special assistance to replace the furniture and clothing in question, but we find her arguments unpersuasive. Upon the instant record, it seems clear that petitioner's furniture deteriorated under the normal demands of everyday life and not as a result of "sudden and unexplained emergency events", and such being the case the denial of emergency assistance and/or special assistance for its replacement was entirely proper (*Baumes v Lavine,* 38 NY2d 296, 304). Moreover, it should also be noted that the local agency did seek to alleviate petitioner's furniture problem by authorizing her to purchase beds, mattresses and dressers from the local Salvation Army by using moneys from a private fund maintained by the agency for use when public assistance is not available. As for petitioner's clothing request, that was likewise properly rejected. Although 18 NYCRR 352.7 (d) requires the local agency to provide for the replacement of clothing destroyed in a fire, flood or like catastrophe, substantial evidence in the record supports respondent's determination that petitioner did not sustain such a loss (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The above-cited report of the inspector from the local agency indicated that petitioner's apartment and belongings had sustained only minimal smoke damage as a result of the fire in question, and it is most significant that petitioner herself concedes that she disposed of the allegedly unusable clothing quickly after the fire without ever showing it to the inspector or any other responsible official from the local agency. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.